## AUDITOR GENERAL v. IOSCO CIRCUIT JUDGE.

*Taxation—Injunction against tax sale.*

1. The tax-law of 1885 (Act 153, sec. 107) in forbidding the injunction of assessment proceedings thereunder does not apply to proceedings for the sale of lands for taxes assessed and levied before the enactment of that law.

2. Injunction lies to restrain the sale for taxes of lands illegally assessed; as where the lands belonged to a non-resident and were assessed at three times their value and disproportionately with the lands of residents.

Mandamus.    Submitted Oct. 27.    Denied Oct. 28.

Attorney General *Moses Taggart* for relator.

*William S. Tennant* for respondent.

By THE COURT.    One John C. Brown filed his bill of complaint in the circuit court for the county of Iosco, in chancery, alleging that he was the owner of certain lands, describing them, in said county, and averring that these lands were fraudulently assessed for the taxes of 1883, and that under section 90 of the Tax Law of 1885 he was authorized to file said bill of complaint; and further, that "the particular defects mentioned in said bill were that the supervisors had acted fraudulently, and without jurisdiction, and had not legally imposed the tax; that the board of supervisors had made no proper direction in compliance with section 24 of said tax law in spreading these lands upon the tax roll; that the taxes were invalid for the reason that the law of 1882 had been repealed since the spreading of the tax, so as to deprive complainant of a day in court for the hearing and legal determination of said taxes, and by the act of 1885 he is deprived of legal right to have such hearing; that the complainant is liable to be deprived of the possession and use of said lands, and will become liable to the State for cutting any timber thereon, and that the law is unconstitutional and void;

alleges an assessment of from three to five dollars an acre for the year 1883; that these lands, in 1883, were classed as stump lands, and all the valuable timber had long before been cut and removed; alleges that the supervisor in making the assessment made no personal inspection or examination, but assessed the land much higher in proportion to assessments of the resident lands, and copied the same from the former assessment rolls; alleges that the just and legal valuation of said lands is not over one dollar an acre; that they are assessed at three dollars, their cash value; alleges that interest has been added at the rate of one per cent. for each month; that sixty cents for each description of land has been added for alleged costs; and that the proceeding to a sale is a cloud upon his title; and prays that the county treasurer and the Auditor General may be restrained from such sale, and that the court may decree that said taxes are illegal, and said land not subject to a sale."

Upon the filing of said bill a temporary injunction was granted by the respondent, Judge Tuttle, restraining the county treasurer and the Auditor General, the relator, who were made parties defendant, from making a sale of said lands for said taxes of 1883. Afterwards said circuit judge refused on motion to vacate the order granting such injunction. Application was thereupon made to this Court, and an order granted that the circuit judge show cause why a writ of mandamus should not issue to compel the vacation of this order. The respondent answered, and the matter is now before us upon the petition and answer.

It is claimed by relator that the Tax Law of 1885, under which he and the county treasurer were proceeding to sell the lands for the delinquent taxes of 1883, as authorized by said act, contains a provision absolutely forbidding the issue of injunction to restrain such sale, as follows: "No injunction shall issue to stay proceedings for the assessment or collection of taxes under this act."

The respondent claims that this clause has no application to this case, and that, in so far as it attempts to take from the circuit courts in chancery their power to grant proper

relief in cases within their jurisdiction, it is in violation of the Constitution of this State.   His counsel here also assert that inasmuch as the complainant, Brown, under the law of 1882, under which the taxes against his lands were assessed, had the right to appear in the circuit court in chancery, and defend against these taxes before a decree of sale could be made, and that by the repeal of that law he has lost that privilege, therefore the Legislature has no power to deprive him of all remedy which, by the ordinary power of chancery he has and ought to have; that his land cannot be sold without affording him a day in court equal to what he was awaiting and had a right to expect under the old law.

The complainant, in our opinion, made out a proper case for relief in his bill, and without the supposed intervention of this section or clause of the statute, was entitled clearly to the injunction granted.

Without passing upon the authority of the Legislature to take away from the circuit court in chancery the power to grant proper relief in a case where, without such relief, as here, the complainant would have a cloud and incumbrance placed upon his title to a large amount of lands, without any day in court to protect or defend against it, we think it could not have been the design of the Legislature that this clause forbidding the issue of any injunction should apply to the sale of lands for taxes assessed and levied before the enactment of the present law, and that consequently the prohibition therein contained does not apply in this case.

The writit is therefore denied.